## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MARIO WILLIAMS,      :
            :
  Plaintiff,      :
            :
  v.         :
            :  No. 5:14-cv-287 (CAR)
ANDREW RUSSO,      :
CARL HUMPHREY,     :
JUNE BISHOP,      :
JAMES MCMILLIAN.     :
            :
  Defendants.     :
_____ :

## ORDER ON MOTION TO DISMISS

Plaintiff Mario Williams filed this 28 U.S.C. § 1983 action against Andrew Russo,

Carl Humphrey, June Bishop, and John McMillian (collectively "Defendants"), seeking

damages for the violation of his Fourth Amendment and Fourteenth Amendment

rights.[1] Plaintiff, a practicing attorney, alleges that Officer Russo violated his privacy

rights under the Fourth Amendment by opening, reading, and taking a letter addressed

to him from his prisoner client and that Humphrey, Bishop, and McMillian are liable as

---

[1] Because Plaintiff has not alleged any facts in his Amended Complaint that would give rise to a
due process claim, the Court construes Plaintiff's invocation of the Fourteenth Amendment as a
vehicle for which to apply the Fourth Amendment to the Defendants. *Am. Fed'n of State, Cnty. &
Mun. Employees Council 79 v. Scott*, 717 F.3d 851, 866 (11th Cir. 2013) (The Fourth Amendment is
"applie[d] to the states through the Due Process Clause of the Fourteenth Amendment.").

supervisors.   Currently before the Court is Defendants' Motion to Dismiss.   Upon review of the applicable law, the Amended Complaint, and this Motion and responses thereto, the Court cannot find at this early stage of the proceedings that Plaintiff was not deprived of a constitutional right.   Accordingly, and for the reasons stated below, the Motion to Dismiss [Docs. 21] is **DENIED**.

**LEGAL STANDARD**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[2]   To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]   A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]   The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[5]

**BACKGROUND**

For purposes of this Motion, the Court accepts all factual allegations in Plaintiff's Amended Complaint as true and construes them in the light most favorable to Plaintiff.

---

[2] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.*

[5] *Bell Atlantic Corp.*, 550 U.S. at 556.

Plaintiff alleges that between August 8 and 11, 2012, Officer Russo entered his client's cell at the Special Management Unit at the Georgia Diagnostic and Classification Prison ("GDCP") and opened, read, and took letters that his client addressed to Plaintiff and clearly marked "legal mail" and "attorney/client privileged" on the outside of the envelopes.[6]   The letters were taken out of the cell and have not been returned to Plaintiff's client.

During a meeting between Plaintiff and his client on August 8, Plaintiff's client showed Plaintiff an opened envelope and told him that the mail had been opened, read, and removed.  On August 17, 2012, Plaintiff sought an arrest warrant for Officer Russo, and the Superior Court of Butts County held a probable cause hearing; however, no warrant was issued.[7]

On August 1, 2014, Plaintiff filed his Complaint with this Court.   Plaintiff contends that by reading and taking attorney/client privileged mail addressed to him, Defendants have violated his Fourth Amendment rights.   Moreover, Plaintiff alleges that Warden Carl Humphrey, Deputy Warden June Bishop, and Unit Manager James McMillian "ordered Defendant Russo to open and read and take" the mail from

---

[6] Plaintiff's Amended Complaint, Doc. 7 at ¶ 12.  Plaintiff has submitted copies of the two marked envelopes with his Amended Compliant, Doc. 7-1 at 6, 8.
[7] Pl. Amend. Comp., Doc. 7 at ¶ 3; Def. Mtn. to Dismiss Doc. 21-1 at 3.

Plaintiff's client's cell and condoned Russo's actions by not returning the mail to Plaintiff's client.[8]

Defendant has filed this Motion to Dismiss contending that Plaintiff has failed to allege a Fourth Amendment violation, and that Defendants are entitled to qualified immunity.[9]  However, because Plaintiff has sufficiently alleged facts to support that he possessed a valid privacy and possessory interest in mail addressed to him, the Court cannot, at this early stage in the proceedings, dismiss Plaintiff's claim as a matter of law.

## DISCUSSION

Under 42 U.S.C. § 1983, a plaintiff can bring a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws."[10]  A plaintiff can bring a § 1983 claim against a governmental entity or a person in his individual or official capacity.[11]   Here, Plaintiff brings claims against Defendants in their individual capacities for their alleged violation of his Fourth Amendment rights to be free from unlawful search and seizure of mail addressed to him and marked as attorney-client privileged.  The Fourth Amendment protects "[t]he right of people to be secure in their

---

[8] Pl. Amend. Comp., Doc. 7 at ¶ 4, 5, 6, 7.
[9] Defendants argue that Plaintiff is estopped from bringing this claim because the claims were already addressed in the state probable cause hearing. The Court, however, is unconvinced that a probable cause hearing would estop Plaintiff from bringing a civil action against Defendants. Furthermore, the Court finds that service has been properly perfected and thus agrees that Defendants' arguments regarding service are now **MOOT**.
[10] 42 U.S.C. § 1983.
[11] *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

persons, houses, papers, and effects, against unreasonable searches and seizures."[12] A seizure occurs when there is some "interference with an individual's possessory interests."[13]   An improper search occurs under the Fourth Amendment, "when the government violates a subjective expectation of privacy that society recognizes as reasonable."[14]   Generally, an expectation is reasonable if it is one that "society is prepared to recognize as 'reasonable.'"[15]   Moreover, whether an individual has a protected privacy interest depends on the "totality of the circumstances."[16]

It is a general rule that mail is subject to Fourth Amendment protection and both senders and addressees of packages or other closed containers can reasonably expect that the government will not open them.[17]   Moreover, the courts have long recognized that an addressee has "both a possessory and a privacy interest in a <u>mailed</u> package."[18]

In this case, the alleged violation took place in a prison cell.  The Supreme Court has concluded that "the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell."[19]   However, censorship

---

[12] U.S. Const. Amend IV.

[13] *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

[14] *Kyllo v. United States*, 533 U.S. 27, 33 (2001).

[15] *Katz v. United Sates*, 389 U.S. 347, 361 (1967 (Harlan, J., concurring).

[16] *U.S. v. McKennon*, 814 F.2d 1539, 1544 (1987).

[17] *See Jacobsen*, 466 U.S. at 114 (public has legitimate expectation of privacy in letters and sealed packages in the mail, and warrantless searches of these items are presumptively unreasonable).

[18] *United States v. Hernandez*, 313 F.3d 1206, 1209 (9th Cir. 2002); *See also United States v. Phillips*, 478 F.2d 743, 748 (5th Cir. 1973); *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992); *United States v. Van Leeuwen*, 397 U.S. 249, 251 (1970); *Ex Parte Jackson*, 96 U.S. 727 (1878).

[19] *Ford v. Hunter*, 534 F. App'x 821, 825-26 (11th Cir. 2013) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

of an inmate's attorney-client privileged mail is only justified if it is reasonably related to a legitimate penological interest.[20]  Although the Supreme Court has upheld prison regulations that allow prison officials to open and inspect an inmates' "legal mail," prison officials may not <u>read</u> such mail.[21]

In order to determine if Plaintiff has alleged a valid constitutional violation, the Court must first consider whether Plaintiff has a protectable Fourth Amendment interest in the letters addressed to him.  Therefore, this case presents two issues for the Court: (1) whether the alleged letters were considered mailed, thus implicating Plaintiff's Fourth Amendment privacy and possessory interests as an addressee, and (2) whether Plaintiff as an attorney has a privacy right in attorney/client privileged mail addressed to him.  Because the Court finds that Plaintiff has sufficiently alleged facts to support a protectable Fourth Amendment privacy and possessory interest as an addressee, the Court need not analyze the second issue at this time.

Plaintiff alleges his client addressed two letters to Plaintiff that were clearly marked as "legal mail" and "attorney/client privileged."[22]  Plaintiff claims that Officer Russo on at least "two separate occasions open[ed], read, and took (without returning)" the letters.[23]  In a description attached to the Amended Complaint, Plaintiff's client

---

[20] *Perry v. Sec'y, Florida Dep't of Corr.*, 664 F.3d 1359, 1364 (11th Cir. 2011).
[21] *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).
[22] Pl. Amend. Comp., Doc. 7-1 at 6, 8.
[23] Pl. Amend. Comp., Doc. 7 at ¶ 5.

describes one of the incidents, stating that Officer Russo entered his cell, took "his sealed legal mail out of his hand,"[24] and read the letter addressed to Plaintiff.

The Court recognizes that the prison mail system functions according to its own standards, and although the Plaintiff does not specify the procedures and regulations of the GDCP's mail system, a letter is generally considered mailed when it is given to a prison official.[25] Plaintiff describes the letters as "mail," and taking as true that Officer Russo took the letters from Plaintiff's client, Plaintiff has sufficiently alleged that the letters were mailed. Thus, reading the facts in Plaintiff's favor, Plaintiff has a protectable Fourth Amendment interest as an addressee.[26]

Defendants argue that they are shielded by qualified immunity. Qualified immunity protects government officials sued in their individual capacities; however, qualified immunity can be "defeated if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff."[27] "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal

---

[24] Pl. Amend. Comp., Doc. 7-1 at 6, 8.

[25] *Houston v. Lack*, 487 U.S. 266, 271 (1988) (findings that prisoners appeals are mailed when they are handed to prison officials); *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993) (agreeing with *Houston* and noting that prisoners in mailing documents are at a disadvantage in ensuring their documents are mailed).

[26] The courts have noted that a privacy right under the Fourth Amendment exists in letters and packages that have been posted in the mail. *See e.g.*, *Jacobsen*, 466 U.S. at 114; *Van Leeuwen*, 397 U.S. at 251; *Ex Parte Jackson*, 96 U.S. at 727; *Hernandez*, 313 F.3d at 1209; *Phillips*, 478 F.2d at 748; *United States v. Villarreal*, 963 F.2d at 774.

[27] *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (quotation, emphasis, and brackets omitted); *see also Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002).

liability or harassing litigation."[28] Thus, where a public official was acting within the scope of his discretionary authority at the time of an alleged wrongful act, the plaintiff has the burden of showing that the defense of qualified immunity is not appropriate.[29]

In determining whether an official is protected by qualified immunity, the official must first show that he was acting within the scope of his discretionary authority at the time of the alleged constitutional violation.  Second, a court must determine whether the facts alleged show that the officer's conduct violated a constitutional right.[30]  Finally, "[i]f a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine 'whether the right was clearly established'" at the time of the alleged violation.[31]

Defendants cannot show that they are protected by qualified immunity. Plaintiffs do not dispute that Defendants were acting in their discretionary capacity, and the Court has already found that an addressee has a privacy and possessory interest in letters mailed to him, and that the government may not take and read letters that have been mailed without violating an addressee's Fourth Amendment rights. Thus, the only issue is whether the right was clearly established.  The Court finds for

---

[28] *Ferraro*, 284 F.3d at 1194.
[29] *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).
[30] *Ferraro*, 284 F.3d at 1194 (quoting Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001)).
[31] *Id.*

the reasons above that it is.[32]  Therefore, if the officers took the mail and read the mail as Plaintiff alleges, it is clearly established that Plaintiff's Fourth Amendment rights were implicated.  Therefore, the Court cannot find that Defendants are protected by qualified immunity at this time.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 21] is **DENIED**. Additionally, the Stay on Discovery is **HEREBY LIFTED**, and discovery commences the day of this Order. The parties are further **directed** to resubmit a proposed scheduling/discovery order within seven (7) days of this Order.

**SO ORDERED,** this 14th day of January, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT JUDGE

JRF/ssh

---

[32] *See e.g., Jacobsen*, 466 U.S. at 114; *Van Leeuwen*, 397 U.S. at 251; *Ex Parte Jackson*, 96 U.S. at 727; *Hernandez*, 313 F.3d at 1209; *Phillips*, 478 F.2d at 748; *United States v. Villarreal*, 963 F.2d at 774.